PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* FELICIANO SOTO-COYET, Defendant and Appellant.

No. 2497. Argued May 7, 1925.—Decided May 26, 1925.

ARMS—CARRYING ARMS—POCKET-KNIFE—EVIDENCE.—The defendant, a coconut peddler, was convicted of carrying a folding pocket-knife and on appeal the Supreme Court held that although the evidence was contradictory with regard to the use that was being made of the knife, the defendant's evidence was so logical and convincing that he was using it in his business that in ignoring the said evidence the trial court committed manifest error which required the reversal of the judgment.

District Court of Arecibo, Enrique Lloreda, J. Judgment of conviction for carrying arms. *Reversed.*

*Antonio Reyes Delgado* for the appellant. *José E. Figueras, Fiscal,* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The defendant was charged with the offense of carrying prohibited arms in that he carried on his person, on December 8, 1924, a folding pocket-knife 3¾ inches long by three-fourths of an inch wide. The information also alleges: "That the defendant was not carrying the said arm for the purpose or on an occasion of using it in his profession, trade, occupation or sport."

After trial the court sentenced the defendant to imprisonment in jail for thirty days, whereupon he appealed to

this Supreme Court and contends in his brief that the district court erred in weighing the evidence.

The only witness for the prosecution was policeman Andrés Hernández. He testified that while on duty he saw the defendant standing with a weapon in his pocket; that he asked him for it and it was delivered to him; that the defendant had come out of the market in Arecibo and was standing by a cart in which he had coconuts for sale; that there was a cane-knife in the cart; that in preparing the coconuts for sale he used the cane-knife and had the pocket-knife on his person; that while he was selling the coconuts the witness saw him husk them with the cane-knife without using the pocket-knife.

Aurelio Cortés, Clemente Zeno and the defendant testified for the defense.

The first, a merchant and tradesman, testified that he knew the defendant as a peddler of coconuts and fruits; that he had seen the defendant occupied in preparing the coconuts for sale by husking them with a cane-knife and then shaping the holes in them with a knife which he usually carried in his pocket.

The second witness, a laborer, testified that he knew the defendant; that on December 8th—the day on which he was said to have committed the offense—he was with him on the property of Manuel Viñas gathering coconuts; that after the gatherer climbs the palm he needs an instrument with which to cut off the bunch of coconuts, after which he ties it and lowers it to the ground; that in cutting off the bunch from the palm the defendant used a knife with a wooden handle.

The defendant testified that on December 8th he was gathering coconuts in the grove of Manuel Viñas; that in order to gather them he climbs the palm with a rope and a knife, after which he ties the bunch securely and then cuts the stem with the knife and lowers the bunch; that

he has been gathering coconuts for a long time and on that day gathered a large quantity; that he went to town after that; that after arriving there, as the coconut has a thick husk, when he was asked for one he would husk it with the cane-knife, but as that knife was always dirty he would then open the coconut with a pocket-knife; that for that purpose he used a folding knife with a wooden handle, the one shown to him; that on the said 8th day of December, after he reached the town and while he was selling coconuts the policeman noticed that he had the knife in his pocket; that he had it in his pocket because he went to sell some articles in the market and left the cart outside, and as he did not wish to leave the knife there while he was away, he put it in his pocket and then he promptly returned to his cart where he handed the knife to the policeman; that he never had been convicted of carrying prohibited arms and this was the first time that he had been accused of that offense.

Such was the substance of the evidence examined. In our opinion it is not sufficient to convict the defendant. The contradiction observed between the testimony of the policeman to the effect that the defendant did not use the knife in selling the coconuts and that of Cortés and the defendant brings the case under the rule of contradictory evidence weighed by the trial judge, inasmuch as it bears on a material fact. But notwithstanding this, we think that the judgment should be reversed. The testimony of Zeno and the defendant with regard to gathering coconuts and the explanation given of the use of the knife in that work was so logical and convincing that they should not have been ignored by the trial court. Such is the case also with regard to the explanation of the method of selling the coconuts so prepared that the buyer may drink the contents on the spot. And considering also that the policeman admitted that the defendant had come out of the market and was

standing beside his coconut cart and that upon seeing the knife he asked him to surrender it, and it appearing that all of this occurred at the same time, it follows that the court committed the manifest error which jurisprudence will not sustain and, therefore, that the judgment should be reversed and the defendant discharged.

NOTE.—For use as a beverage the coconut is plucked before it is ripe. The thick and tough outer husk and a small disk of the shell are dextrously removed with a sharp cane-knife (*machete*). The meat of the nut is not fully formed and the contents consist almost entirely of a milky fluid, which is usually drunk from the shell on the spot.